**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Walter Terran Gaines, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-170706

---

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge
Robin B. Stilwell, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2014-UP-194
Heard April 7, 2014 – Filed May 14, 2014

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Karen Christine Ratigan, and Assistant Attorney General Mary S. Williams, all of Columbia, for Respondent.

---

**PER CURIAM:**  Petitioner filed an application for post-conviction relief (PCR). The PCR court granted Petitioner a belated direct appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), and dismissed his remaining PCR allegations. By order filed October 10, 2013, this court found sufficient evidence to support the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal.  After a review of the direct appeal issue briefed, whether the trial court erred in denying Petitioner's motion for a mistrial, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Doyle v. Ohio*, 426 U.S. 610, 619 (1976) (holding it is a violation of due process for a defendant's post-*Miranda*[1] silence to be used against him at trial for impeachment purposes); *State v. McIntosh*, 358 S.C. 432, 447, 595 S.E.2d 484, 492 (2004) ("When a *Doyle* violation occurs, the conviction still may be upheld when a review of the entire record establishes beyond a reasonable doubt the error was harmless."); *State v. Mizzell*, 349 S.C. 326, 334, 563 S.E.2d 315, 319 (2002) (finding error is harmless beyond a reasonable doubt if the "reviewing court can conclude the error did not contribute to the verdict beyond a reasonable doubt").

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).